# IN THE COURT OF APPEALS OF IOWA

————————————

No. 26-0518
Filed June 10, 2026

————————————

**In the Interest of A.C., Minor Child,**

**A.C., Father,**
Appellant.

————————————

Appeal from the Iowa District Court for Jasper County,
The Honorable Terry Rickers, Judge.

————————————

**AFFIRMED**

————————————

Larry J. Pettigrew of Pettigrew Law Firm, P.C., Newton, attorney for
appellant father.

Brenna Bird, Attorney General, and Tamara Knight, Assistant Attorney
General, attorneys for appellee State.

Alexandra Nelissen of Advocate Law PLLC, Clive, attorney and guardian
ad litem for minor child.

————————————

Considered without oral argument
by Greer, P.J., and Buller and Langholz, JJ.
Opinion by Langholz, J.

**LANGHOLZ, Judge.**

A father appeals the juvenile court's order terminating his parental rights to his one-and-a-half-year-old son, arguing only that the permissive parent-child-bond exception under Iowa Code section 232.116(3)(c) (2025) should apply to preclude termination.[1] On our de novo review, we agree with the juvenile court that the father has not shown that the exception should apply. The bond between the father and the son does not outweigh the other circumstances making it in the son's best interest to terminate the father's parental rights. We thus affirm the juvenile court's termination order.

The son came to the attention of the Iowa Department of Health and Human Services ("HHS") when his umbilical cord tested positive for cocaine and THC at birth in June 2024. The son was discharged from the hospital's neonatal intensive care unit and sent home with the parents under a safety plan in August. As part of the safety plan, the parents agreed "to be safe and sober caretakers." But soon after, the father refused HHS's requests to complete drug testing. And the mother told HHS that she "couldn't find" her drug patch. So in September, the State filed a child-in-need-of-assistance ("CINA") petition, and the juvenile court ordered the son removed from the parents' custody. And the next month, the parents stipulated to the son's adjudication as a child in need of assistance.

---

[1] The juvenile court also terminated the mother's parental rights to the son and the parental rights of the mother and two other fathers to two older children. The mother's appeal was dismissed for failure to file an amended notice of appeal with her signature and a petition on appeal. And the two other fathers do not appeal.

We avoid using the parties' names to respect their privacy because this opinion—unlike the juvenile court's orders—is public. *Compare* Iowa Code § 232.147(2) (2025), *with id.* §§ 602.4301(2), 602.5110; *see also* Iowa Ct. R. 21.25.

Following the December 2024 dispositional hearing, the juvenile court continued the son's removal and ordered HHS to provide the parents with substance-use and mental-health evaluations and treatment, drug testing, and family-centered services. Later that month, the father tested positive for cocaine, heroin, and fentanyl. After a series of short-term placements, the son has been placed with his maternal great aunt since January 2025.[2]

The State petitioned to terminate the father's parental rights. And at the February 2026 termination hearing, the HHS social worker testified that the father most recently tested positive for cocaine twice the month before the hearing and admitted to using fentanyl "on occasion" throughout the CINA case. She also testified that the father asked to "delay drug testing" because he had been "handling" drugs, "and he was worried that [the drugs] would show up." The social worker acknowledged that the father was engaged in substance-use treatment at the time of the hearing and that he had "completed inpatient treatment successfully." But she explained that the father "is now undergoing a higher level of care at outpatient due to the two positive drug screens in January." She also explained that the father's visits with the son were fully supervised at the time of the hearing due to the father's recent positive drug screens. Still, she testified that the father was "consistent with his visits, and it's very clear that him and the [son] have a very close bond." According to the social worker, the father would "take an active parenting role," and the son would "get really excited" and "run[] straight to him" during his visits.

The father testified that he loves his son and has a "connection" with him. He explained that during their visits, the son "started saying, Da Da," and the son "gets excited" and "smiles" when he sees him. And in his closing

___

[2] The son's two older half-siblings are also placed with the maternal great aunt.

argument, the father asked the juvenile court "to grant an exception to termination" because "terminating the father's rights would be detrimental due to their close parent-child relationship."

The juvenile court declined to apply that permissive statutory exception and terminated the father's parental rights under paragraphs "d," "h," and "i" of Iowa Code section 232.116(1). The father now appeals.

Terminating parental rights under Iowa Code chapter 232 follows a three-step process. *In re L.B.*, 970 N.W.2d 311, 313 (Iowa 2022). First, the State must prove a statutory ground for termination. *Id.* Second, the State must show termination is in the best interest of the child. *Id.* And third, the parent has the burden to show whether a permissive exception applies that should preclude termination. *Id.*; *see also In re A.S.*, 906 N.W.2d 467, 476 (Iowa 2018). We need not address any steps not challenged by a parent. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). We review a termination decision de novo, giving "respectful consideration" to the juvenile court's factual findings, especially when based on credibility determinations. *In re W.M.*, 957 N.W.2d 305, 312 (Iowa 2021).

The father argues only that the permissive exception under Iowa Code section 232.116(3)(c) should apply to preclude termination.[3] The court may decline to terminate parental rights under that exception if it finds "clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." Iowa Code

---

[3] The father preserved this issue by presenting evidence of his bond with the child and raising the permissive exception in his closing argument following the termination hearing. *Cf. In re J.R.*, 20 N.W.3d 839, 843 (Iowa Ct. App. 2025) (en banc) (finding permissive-exception issue unpreserved where the parent "neither addressed these statutory exceptions nor offered evidence to support them" at the termination hearing).

§ 232.116(3)(c). While such a finding permits a court "not to terminate parental rights, the factors weighing against termination in section 232.116(3) are permissive, not mandatory." *In re M.W.*, 876 N.W.2d 212, 225 (Iowa 2016) (cleaned up). A court has "discretion, based on the unique circumstances of each case and the best interests of the child, whether to apply the factors in this section to save the parent-child relationship." *Id.* (cleaned up).

We do not doubt that the father loves his son or that his son is bonded with him. But a parent's love for a child alone is not enough to establish the exception under section 232.116(3)(c). *See In re D.W.*, 791 N.W.2d 703, 709 (Iowa 2010). Neither is the mere existence of a bond between the parent and the child. *See In re A.B.*, 956 N.W.2d 162, 169 (Iowa 2021); *see also W.M.*, 957 N.W.2d at 315–16. Instead, "our consideration must center on whether the child will be disadvantaged by termination, and whether the disadvantage overcomes [the parent's] inability to provide for [the child's] developing needs." *D.W.*, 791 N.W.2d at 709.

On our de novo review, we find that the father has not met his burden to establish an exception to termination. Besides his brief time in his parents' custody after his release from the hospital in August 2024, the son has spent his whole life in out-of-home placements. He has been in his current placement with his maternal great aunt since January 2025. He is doing well in her care, and she is a potential adoptive placement for him and his two older half-siblings. Meanwhile, the father had not progressed past supervised visitation or resolved his substance-use issues by the time of the termination hearing—more than a year after the son's removal from his custody.

In sum, the father has not shown that the disadvantage of termination overcomes his inability to provide for his young son's developing needs. *See id.* And "we cannot deprive a child of permanency after the State has

proved a ground for termination . . . by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014) (cleaned up). We thus agree with the juvenile court that it is not appropriate to apply the parent-child-bond exception under section 232.116(3)(c).

**AFFIRMED.**